IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CORTAVIOUS HAMPTON                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO.: 1:11-CV-244-SA-SAA

NORTH MISSISSIPPI MEDICAL CENTER                                          DEFENDANT

MEMORANDUM OPINION

Presently before the Court is Defendant's Motion for Summary Judgment [25]. Because judgment as a matter of law is due in favor of Defendant, the Court GRANTS that motion.

*Factual and Procedural Background*

Plaintiff Cortavious Hampton, proceeding *pro se*, filed the present action against North Mississippi Medical Center and Tupelo Behavioral Health, alleging that he was illegally kidnapped and held against his will by North Mississippi Medical Center.[1] Specifically, Hampton's complaint avers that Defendant is liable for "providing false information," "intentionally misleading" Plaintiff, "assault," and "fail[ing] to release" Plaintiff. The civil cover sheet, filed contemporaneously with Plaintiff's complaint, indicates that Plaintiff's causes of action against Defendant arise under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241 and 245. Defendant filed a motion for summary judgment, arguing that Plaintiff's federal claims fail as a matter of law, and that Plaintiff is precluded from pursuing any state law claims based on his failure to include reference to specific state law causes of action in his complaint or civil cover sheet. Alternatively, Defendant argues that Plaintiff's state-law claims fail based on a series of judicial admissions in discovery. In response to Defendant's motion, Plaintiff filed only a medication history and a hospital discharge summary.

---

[1] Tupelo Behavioral Health has since been dismissed as an erroneously named separate defendant. See Order [24].

## *Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

*Discussion and Analysis*

*Section 1983 Claim*

To state a claim under 42 U.S.C. § 1983, Plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law. See, e.g., West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Piotrowski v. City of Houston, 51 F.3d 512, 515 (5th Cir. 1995); see also Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743, 747 (5th Cir. 2001) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 928-32, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) (noting that for a private defendant, the conduct "that forms the basis of the claimed constitutional deprivation must constitute state action under color of law."). Where, as here, the defendant is a private actor, ostensibly private conduct may be deemed actionable for purposes of Section 1983 only where the conduct may be "fairly attributable to State." Bass v. Parkwood Hosp., 180 F.3d 234, 242 (5th Cir. 1999) (quoting Lugar v, 457 U.S. at 937).

As reiterated in Bass, the Supreme Court has set forth a number of tests to determine whether seemingly private conduct may be charged as state action. Id. at 241-42. Whether private conduct may be fairly attributed to the state is an individualized inquiry. Morris, 277 F.3d at 748 (reiterating that inquiry is "highly circumstantial and far from precise.") (quoting Brentwood Acad. v. Tennessee Secondary Sch. Athl. Assoc., 531 U.S. 288, 295-96, 121 S. Ct. 924, 924, 148 L. Ed. 2d 807 (2001)). However, private conduct has before been deemed state action under the public function test, the state compulsion test, the nexus test, and the joint action test. Id. (citing Lugar, 457 U.S. at 936, 102 S. Ct. 2744). Under the public function test, a private actor may be deemed a state actor when that entity performs a function that has been "traditionally the exclusive province of the state." Bass, 180 F.3d at 242. Under the state

3

compulsion or coercion test, significant encouragement or coerciveness may convert private conduct into state action. Id. Finally, under the nexus or joint action test, state action may be discerned where the government has "insinuated itself into a position of interdependence" with a private actor and the exercise becomes a joint enterprise. Id.

In the case at hand, North Mississippi Medical Center is a private corporation, organized under the laws of the State of Delaware. Plaintiff has not produced any argument or facts supporting a theory of state attribution. As set forth in Bass, a private hospital is not transformed into a state actor merely by statutory regulation, nor does it become a state actor even when participating in the civil commitment of an individual. 180 F.3d at 242-43 (citing Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348-49 (5th Cir. 1985) (finding no state action despite statutory regulation and public funding); Harvey v. Harvey, 949 F.2d 1127, 1127 (11th Cir. 1992) (finding no state action based on participation in civil commitment)). As such, Plaintiff has not shown Defendant acted under color of state law, and his 42 U.S.C. § 1983 claim must be dismissed.

*18 U.S.C. §§ 241 and 245*

Additionally, Plaintiff seeks recovery under both 18 U.S.C. §§ 241 and 245. Both of those statutes provide penalties for either preventing or entering into a conspiracy to prevent other persons from exercising certain federally protected rights. Those statutes, however, are exclusively criminal in nature and provide no civil remedies. See Hanna v. Home Ins. Co., 281 F.2d 298, 304 (5th Cir. 1960) (disregarding claim allegedly arising under 18 U.S.C. § 241 in a civil action); Kelly v. Rockefeller, 69 F. App'x 414, 415-16 (10th Cir. 2003) (affirming district court's dismissal of civil claims under 18 U.S.C. § 245 on the basis that it provided no civil remedy and explicitly reserved right of prosecution to government). As Plaintiff has not

provided any further authority providing for extension of civil liability under these statutes, Plaintiff's claims under §§ 241 and 245 must therefore also be dismissed.

*Supplemental State-Law Claims*

In regard to Plaintiff's potential state-law based causes of action, Defendant contends that they need not be considered because the complaint does not expressly assert claims under state law. According to Defendant, the complaint lodges allegations that might well correspond to state-law torts, but such correspondence does not necessarily reveal Plaintiff's intent to pursue causes of action under state law. Defendant argues that the fact that Plaintiff indicated on the civil filing sheet that the nature of his claims were "civil rights" related and that he indicated his claims arose under federal law dispositively shows that Plaintiff has chosen not to assert any state-law claims.

Under Federal Rule of Civil Procedure 8(a)(2), however, a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief" and it need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Additionally, a *pro se* plaintiff's complaint must be construed liberally. Pena v. United States, 122 F.3d 3, 4 (5th Cir. 1997). This Court therefore will consider Plaintiff's potential state-law claims despite his failure to specifically denominate them as state-law based "causes of action."

In the alternative, however, Defendant argues that Plaintiff has judicially admitted that North Mississippi Medical Center is not liable to Plaintiff, relying on a series of Requests for Admission, lodged pursuant to Rule 36(a), to which Plaintiff failed to respond. Those requests were propounded as follows:

Request No. 3
Admit that the health care services provided to the plaintiff by NMMC and its employees and agents were appropriate in all respects and in accord with all applicable standards of care.

Request No. 4
Admit that NMMC and its employees and agents were not negligent in any fashion and did, in fact, provide proper health care services, consistent with all applicable standards of care to the plaintiff.

Request No. 5
Admit that the allegation of liability set forth in the Complaint in this case against NMMC are without merit and untrue.

Under Federal Rule of Civil Procedure 36(a), a matter is deemed admitted unless the party to whom the request is directed responds within thirty days. See also Dukes v. South Carolina Ins. Co., 770 F.2d 545, 549 (5th Cir. 1985). Such an admission is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). In both form and substance, a Rule 36 admission is "comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party." Am. Auto. Assoc. v. AAA Legal Clinic, 930 F.2d 1117, 1120 (5th Cir. 1991). That principle applies with equal force to "those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." Id.

In the case at hand, the aforementioned requests for admission were served on the Plaintiff by United States mail May 23, 2012. Approximately ten months have since elapsed and Plaintiff has not responded to those requests or sought leave of court to withdraw those admissions. Further, Plaintiff failed in any way to rebut those admissions in responding to Defendant's motion for summary judgment, instead merely filing various hospital records. Plaintiff has thus admitted that his claims are without merit and there remain no genuine disputes

of material fact regarding his state-law based claims. Summary judgment is therefore due to be granted to those claims as well.

### *Conclusion*

Because Defendant has shown that there is no remaining genuine dispute of material fact and judgment as a matter of law is due in its favor, North Mississippi Medical Center's Motion for Summary Judgment [25] is GRANTED.

SO ORDERED, this the 6th day of May, 2013.

 /s/ Sharion Aycock  
**U.S. DISTRICT JUDGE**
